**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY PRIME, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MANHATTAN ASSOCIATES, INC., EDDIE CAPEL, and DENNIS B. STORY,<br><br>Defendants. | Case No. 1:25-cv-00992-TRJ<br><br>**CLASS ACTION**<br><br>Judge Tiffany R. Johnson<br><br>ORAL ARGUMENT REQUESTED |

**LEAD PLAINTIFFS' NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiffs respectfully submit this notice of supplemental authority in support of their Opposition to Defendants' Motion to Dismiss the Amended Complaint for Violations of the Federal Securities Laws (the "Opposition", ECF No. 45), well in advance of Defendants' deadline to submit their reply brief.

On November 26, 2025, the Eleventh Circuit Court of Appeals issued *Jastram v. NextEra Energy, Inc.*, -- F.4th --, 2025 WL 3293701 (11th Cir. Nov. 26, 2025), attached hereto as **Exhibit A**. *NextEra* is directly relevant to Defendants' argument in their Motion to Dismiss (ECF. No. 43) that the unexpected announcement of CEO Defendant Capel's departure from Manhattan Associates "cannot possibly qualify as a corrective disclosure" without direct reference to the subject of the fraudulent

misrepresentations. ECF No. 43-1, at 30 (citing only *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1242 (11th Cir. 2023)).

In *NextEra*, the Eleventh Circuit, in reversing the lower court's dismissal of the complaint for failure to adequately allege the element of loss causation, applied FRCP 8(a)'s notice pleading standard (2025 WL 3293701, at *9), and held that the unexpected departure of NextEra's defendant CEO sufficiently supported loss causation, noting that "requiring a corrective disclosure to decisively and unequivocally debunk the earlier fraud overstates the role of loss causation—especially at the pleading stage." *Id.* at *11, 13. Citing *MacPhee*, the Court made clear that "[c]orrective disclosure[s] can come from any source and take any form from which the market can absorb [the information] and react." *Id.* at *11.

*NextEra* supports a finding that the third and final alleged corrective disclosure (and only disclosure challenged by Defendants)—Defendant Capel's departure announcement on February 10, 2025—which was released after the Company disclosed weaker than expected revenues and slashed its 2025 guidance, surprising analysts and causing a 11.5% stock price drop (*see* Opposition at 8, 28-30), adequately supports an allegation of loss causation.

Dated: December 8, 2025

**LABATON KELLER SUCHAROW LLP**

*/s/ Lauren A. Ormsbee*

Lauren A. Ormsbee (*pro hac vice*)
David Saldamando (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
dsaldamando@labaton.com
aforgione@labaton.com

*Counsel for Lead Plaintiffs City of
Orlando Police Officers' Pension
Fund, City of Orlando Firefighters'
Pension Fund, and City of Orlando
General Employees' Pension Fund*

-and-

*/s/ Jonathan R. Chally*
Jonathan R. Chally
Georgia Bar No. 141392
COUNCILL, GUNNEMANN &
CHALLY, LLC
75 14th Street, NE
Atlanta, GA 30309
Telephone: (404) 407-5250
jchally@cgc-law.com

*Liaison Counsel for the Class*

-and-

Robert D. Klausner
Stuart A. Kaufman
Bonni S. Jensen
KLAUSNER, KAUFMAN, JENSEN
& LEVINSON, P.A.
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202

Facsimile: (954) 912-1232
bob@robertdklausner.com
stu@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for Lead Plaintiffs City of Orlando Police Officers' Pension Fund, City of Orlando Firefighters' Pension Fund, and City of Orlando General Employees' Pension Fund*

-and-

Adam M. Apton
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
aapton@zlk.com

*Counsel for Additional Named Plaintiff Timothy Prime and Additional Counsel for the Class*

## <u>RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee

*Counsel for Lead Plaintiffs City of Orlando Police Officers' Pension Fund, City of Orlando Firefighters' Pension Fund, and City of Orlando General Employees' Pension Fund*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

Dated this 8th day of December 2025.

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee

*Counsel for Lead Plaintiffs City of Orlando Police Officers' Pension Fund, City of Orlando Firefighters' Pension Fund, and City of Orlando General Employees' Pension Fund*
